UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Alanea White, | Case No. 21-cv-2770 (KMM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Northstar Media, Inc., | |
| Defendant. | |

Before the Court is a Joint Motion for Approval of Settlement. [ECF 8]. The Court has carefully reviewed the motion, settlement agreement, proposed Order, and attached declarations, and has found that the parties have provided insufficient information for the Court to make a proper determination at this time.

In their proposed Order, the parties assert that the Court should only review the payment to Ms. White and should not consider the reasonableness of the attorneys' fees contained in the settlement agreement. [ECF 12]. The parties quote *Barbee v. Big River Steel*, 927 F.3d 1024, 1027 (8th Cir. 2019), for that proposition, noting that the court there held "that because 29 U.S.C. § 216(b) treats the merits of an FLSA claim as distinct from attorneys' fees, 'the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." [*Id.* at 8]

Unfortunately, the parties' characterization of *Barbee* is incomplete. Indeed, the language of the proposed Order elides the entire, and important, first half of the sentence in question. The *Barbee* court actually held: *"When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim,* the amount the employer pays to the

1

employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." *Barbee*, 927 F.3d at 1027. The importance of that language is made even more clear in the Eighth Circuit's subsequent decision in *Vines v. Welspun Pipes*, 9 F.4th 849, 854 (8th Cir. 2021), where the court not only restates the above language, but reviews for clear error a lower court's determination regarding whether the attorneys' fees were in fact negotiated separately from the payment made to the employee. *See also*, *Kok Haut Seow v. Miyabi*, No. 19-cv-02692, ECF No. 74, *1 (D. Minn. Jan. 19, 2021) (declining to approve a settlement where the parties conceded that the attorneys' fees had not been negotiated separately).

In candor, despite this line of cases, it is not clear that the Court cannot approve an FLSA settlement when the fees were negotiated jointly. Indeed, just a year before *Barbee*, the Eighth Circuit reviewed a lower court's rejection of proposed attorneys' fees for unreasonableness, finding that the court should have reviewed them less strictly, for fairness and reasonableness. *Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018). But it does appear certain that, if the fees were negotiated jointly with the payment to the employees, at a minimum they are subject to review.

Unsurprisingly, given the omission in the parties' quoting of *Barbee*'s holding, the parties did not address whether the attorneys' fees in this case were negotiated separately from the payments to Ms. White. But it appears very likely that they were not. Indeed, in the proposed Order, the Memorandum in support of the Motion, and the declaration of plaintiff's counsel, the settlement is described as having been agreed to on a particular date; there is no suggestion that the fees and the payments to Ms. White were part of separate

conversations. More critically, the total payment is always described first as a single amount ($20,537.00) to be divided into three parts, with one part going to plaintiffs' counsel for fees and costs ($8,537.00). [*See, e.g.*, Memorandum, ECF 9, at 4–5]. There is nothing in the record before the Court to suggest that the fees were in fact negotiated separately.

There is also nothing in the record to suggest that the fees are reasonable. Reasonable fees are typically determined through the lodestar method, "which multiplies the number of hours worked by the prevailing hourly rate." *Vines*, 9 F.4th at 855 (quoting *Childress v. Fox Assocs., LLC*, 932 F.3d 1165, 1172 (8th Cir. 2019)). The hours worked may also be reduced if the Court determines that they were not reasonably expended. *Id.* Here, the parties do not provide the number of hours expended on the case or the rates for each attorney. Nor do they provide any evidence that those hours or rates are reasonable. Therefore, the Court cannot make a determination that the attorneys' fees calculated in the settlement agreement are reasonable.

For this reason, the Joint Motion for Approval of Settlement, [ECF 8], is **DENIED WITHOUT PREJUDICE**. The parties should resubmit their motion with a memorandum of law addressing these issues, and a supplemental declaration demonstrating whether the fees here were negotiated separately.

Date: April 1, 2022

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States District Judge